## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE
## COURT FILE NO:  CV-

| | | |
|---|---|---|
| **JENNIFER BRADY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **COMPLAINT** |
| | ) | |
| **LVNV FUNDING, L.L.C.,** | ) | |
| **a Delaware limited liability company,** | ) | |
| **RESURGENT CAPITAL SERVICES, L.P.,** | ) | |
| **a Delaware limited partnership,** | ) | |
| **SHERMAN ACQUISITIONS, LLC,** | ) | |
| **a Delaware limited liability company,** | ) | |
| **ARROW FINANCIAL SERVICES, L.L.C.,** | ) | |
| **a Delaware corporation,** | ) | |
| **SCHLEE & STILLMAN, L.L.C.,** | ) | |
| **a Maryland limited liability company,** | ) | |
| **LYONS, DOUGHTY AND VELDHUIS, P.A.,** | ) | |
| **a Delaware professional association,** | ) | |
| **WHITEHEAD LAW, LLC,** | ) | |
| **a Delaware limited liability company,** | ) | |
| **and ANDREW WHITEHEAD, ESQ.,** | ) | |
| | ) | |
| **Defendants.** | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

## I.  JURISDICTION AND VENUE

1.     Jurisdiction arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 1367 for pendent state law claims.

2.     LVNV Funding, L.L.C. is a Delaware limited liability company subject to personal jurisdiction in the State.  Resurgent Capital Services, L.P. is a Delaware limited partnership subject to personal jurisdiction in the State.  Sherman Acquisitions, LLC is a

Delaware limited liability company subject to personal jurisdiction in the State. Arrow Financial Services, L.L.C. is a Delaware corporation subject to personal jurisdiction in the State.

3. Schlee & Stillman is a Maryland limited liability corporation subject to personal jurisdiction in the State pursuant to 10 Del. C. § 3104(c)(1) –(4).

4. Lyons, Doughty and Veldhuis, P.A. is a Delaware professional association subject to personal jurisdiction in the State. Whitehead Law LLC ("Whitehead Law") is a Delaware limited liability corporation subject to personal jurisdiction in this State. Andrew Whitehead ("Whitehead") is a Delaware licensed attorney practicing in the State of Delaware and is subject to personal jurisdiction in the State.

5. Venue is proper in this District under 13 U.S.C. § 1391(b)(1) or (b)(2), because a substantial portion of the acts giving rise to this litigation occurred within this District, Plaintiff resides here and Defendants transact business here.

## II. PARTIES

6. Plaintiff, Jennifer Brady ("Plaintiff"), is a natural person residing in New Castle County, Delaware and is a "consumer" as that term is defined by 15 *U.S.C. §* 1692a(3) and/or a person affected by a violation of the FDCPA with standing to bring a claim under 15 U.S.C. § 1692k.

7. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. LVNV Funding, L.L.C. ("LVNV") is a Delaware limited liability company with its principal place of business located in Las Vegas, Nevada, and whose Registered Agent for service of process is listed with the Delaware Secretary of State as Corporation Service

Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, and who at all times relevant herein, operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and acted by and through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen and by, through and on behalf of each other.

9.      Resurgent Capital Services, L.P. ("Resurgent") is a Delaware limited partnership with its principal place of business located in Greenville, South Carolina, and whose Registered Agent for service of process is listed with the Delaware Secretary of State as Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, and who at all times relevant herein, operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and acted by and through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen and by, through and on behalf of each other.

10.      Sherman Acquisitions LLC ("Sherman") is a Delaware limited liability company with its principal place of business located in Evansville, Indiana, and whose Registered Agent for service of process is listed with the Delaware Secretary of State as Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, and who at all times relevant herein, operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and acted by and through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen and by, through and on behalf of each other.

11.      Defendant Arrow Financial Services, L.L.C. ("Arrow") is upon information and belief, a Delaware corporation with the last known address of its principal place of business

located at 5996 Touhy Avenue, Niles, IL 60714 and whose Registered Agent for service of

process is listed with the Delaware Secretary of State as Corporation Service Company, 2711

Centerville Road, Suite 400, Wilmington, Delaware 19808, and at all times relevant herein,

operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. §

1692a(6), and acted by and through its owners, managers, officers, shareholders, authorized

representatives, partners, employees, agents, attorneys and/or workmen and by, through and on

behalf of each other.

12.     Schlee & Stillman LLC ("Schlee & Stillman") is a Maryland limited liability

company, with its principal place of business at 9712 Belair Road, Suite 203, Nottingham,

Maryland 21236 and is registered with the Delaware Division of Revenue as a professional

services – legal office and is subject to service of process through the Delaware Secretary of

State, Division of Corporations, John G. Townsend Building, 401 Federal Street, Suite 4, Dover,

Delaware 19901, and at all times relevant herein, operated as a collection agency, and is a "debt

collector" as the term is defined by 15 U.S.C. § 1692a(6), and acted by and through its owners,

managers, officers, shareholders, authorized representatives, partners, employees, agents,

attorneys and/or workmen and by, through and on behalf of each other.

13.     Lyons Doughty and Veldhuis, P.A. (the "Lyons Firm") is a Delaware Professional

Association with its principal place of business at 15 Ashley Place, Suite 2B, Wilmington,

Delaware 19804 and whose Registered Agent for service of process is listed with the Delaware

Secretary of State as Delaware Intercorp, LLC, 113 Barksdale Professional Center, Newark,

Delaware 19711, and who at all times relevant herein, operated as a collection agency, and is a

"debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and acted by and through its

owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen and by, through and on behalf of each other.

14.     Whitehead Law LLC ("Whitehead Law") is, upon information and belief, a Delaware limited liability company which identifies its principal place of business as 5 West Market Street, Georgetown, Delaware 19947, and is subject to service of process in Delaware through its agent Andrew Whitehead, 5 West Market Street, Georgetown, Delaware 19947, and who at all times relevant herein, operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and acted by and through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen and by, through and on behalf of each other.

15.     Andrew Whitehead ("Whitehead") is, upon information and belief, a Delaware attorney who identifies as his principal place of business 5 West Market Street, Georgetown, Delaware 19947 and is subject to service of process in Delaware at his place of abode and/or at his principal place of business at 5 West Market Street, Georgetown, Delaware 19947, and who at all times relevant herein, operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and acted by and through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen and by, through and on behalf of each other.

16.     Whitehead sometimes identified himself, both in state court and out of court, as an agent and member of Schlee & Stillman or "Whitehead Schlee & Stillman" law firm.  (See Exhibit A, attached.)

17.     All named Defendants, at all times relevant hereto, were persons who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which

was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due, asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

18.     At all times material and relevant hereto, Defendants are individually, jointly and severally liable to Plaintiffs, and or liable through the principles of *respondeat superior*, agency and apparent agency.

### III.     FACTUAL ALLEGATIONS

19.     The alleged debt arose from Plaintiff's agreement with Washington Mutual Bank for consumer funds.

20.     On March 5, 2010, Defendant Arrow Financial Services, as assignee of Washington Mutual Bank, filed in the Delaware Court of Common Pleas ("CCP") a debt collection action against Plaintiff.  (See Exhibit B, attached.)

21.     Plaintiff failed to answer the state court complaint, and on or about 7/9/2010, Defendant Arrow filed directions with the clerk of the Delaware CCP for entry of default judgment.  (See Exhibit C, attached.)  Arrow's directions to the clerk falsely represented that Arrow was entitled to attorney's fees and 18% interest.

22.     Default judgment was entered on July 9, 2010 as follows:

    a.     Principal $16, 57857
    b.     Prejudgment interest $1,528.86
    c.     Attorney fees $3,315.71
    d.     Post-judgment interest at 18%
    e.     Total judgment amount $21,423.14 plus post-judgment interest.

23.     In April 1012, Arrow executed on the judgment by issuing a wage attachment to Plaintiff's employer, to be paid to the Lyons Firm.

24.     At that time, Arrow calculated the judgment amount to be $26,685.98, plus court costs, sheriff's fees and continuing post-judgment interest. (See Exhibit D, attached.)

25.     Garnishment of Plaintiff's wages began on or about May 14, 2012, at about $250 bi-weekly.

26.     According to an accounting by the Lyons Firm, Plaintiff's garnishment payments were applied solely to costs and interests from May 14, 2012 through February 17, 2015. Claims Registry.  (See Exhibit E, attached.)

27.     After approximately three (3) years, on or about March 2, 2015, Plaintiff's garnishment payments began to be applied, partially, to the principal amount of the judgment. *Id.*

28.     On or about March 2, 2015, the principal amount began to decrease.

29.     Post-judgment interest continued to accrue until September 22, 2015, with garnishment payments being applied to both interest and principal, as the amount of interest accrued since the previous payment was always less than the total garnishment payment.

30.     Thus, the total amount of the judgment was decreasing from March 2015 to September 2015.

31.      After considerable effort to contact the Defendants and after embarrassment and humiliation, the Plaintiff convinced the Defendants to stop applying interest to the principal balance of the debt.  On September 24, 2015, the Lyons Firm notified Plaintiff that Arrow had voluntarily agreed to reduce the interest rate from 18% to 0% as of September 21, 2015.  See Exhibit F, attached to Complaint.  As of that date, Plaintiff had paid the Lyons Firm $22,358.97 on the judgment, albeit improperly obtained, of $21,423.14.

32.     After three and one-half (3.5) years of paying about $500 per month of illegal interest payments, as of September 22, 2015, the Lyons Firm calculated Plaintiff's principal amount to be $14,609.87 plus $50.43 accrued interest still outstanding from her original principal balance of $16,578.57.  In other words, in three and one-half (3.5) years, she had paid down less than $2,000 of her original debt, according to the Lyons Firm.  Plaintiff lost the use of her money during these years of paying illegal interest.

33.     Thereafter, pursuant to the 2010 default judgment and the agreement to stop charging interest, all garnishment payments should have been applied to the outstanding principal amount (after the one-time application to the $50.43 accrued interest amount) and Plaintiff's judgment amount should have continued to decrease.

34.     Nevertheless, between September 22 and October 26, 2015, pursuant to the improperly obtained 2010 default judgment, Plaintiff's paycheck was garnished in the amount of $790.74.

35.     As of October 27, 2015, according to the terms of the 2010 default judgment, the outstanding principal amount of the judgment should have been $13,869.56.

36.     Plaintiff never received notification that the judgment against her had been sold, transferred or assigned.  Nonetheless, on October 27, 2015, Plaintiff began receiving letters from Schlee & Stillman for a debt to "LVNV Funding LLC Assignee of Washington Mutual Bank, NA" in the amount of $14,083.33.  (See Exhibit G, attached.)

37.     On November 10, 2015, Plaintiff wrote to Schlee & Stillman demanding validation of the debt and disputing the debt.

38.     Thereafter, Plaintiff continued to receive letters from Schlee & Stillman on November 30, 2015 and December 1, 2015, indicating her debt was increasing and listing her debt at $14,359.77 and $14,366.51, respectively.  (See Exhibit H, attached.)

39.     On December 1, 2015, Schlee & Stillman sent Plaintiff a letter purporting to contain verification of the debt.  The letter claimed the creditor was "LVNV FUNDING LLC ASSIGNEE OF WASHINGTON MUTUAL BANK, N.A."  *Id.*  So, now Plaintiff had been told there were two (2) direct assignees of her debt from WAMU.

40.     Even though the ownership of the judgment had allegedly changed, the Lyons Firm continued to collect the garnishment on behalf of the new party plaintiff without an assignment of judgment filed with the Court.

41.     Throughout this entire time, and on through to May 2016, Plaintiff's wages continued to be garnished and her principal amount, pursuant to the 2010 default judgment and her agreement with Lyons on September 22, 2015, should have been decreasing in direct correlation with her payments received after September 22, 2015.

42.     Then Plaintiff next received privacy notices further confusing her, from the Lyons Firm dated September 2, 2014 and August 26, 2015 on behalf of their clients, the Sherman Companies, consisting of "each of the following related companies (the Sherman Companies)": Resurgent Capital Services, L.P.; Sherman Acquisition L.L.C.; Resurgent Capital Services PR LLC; LVNV Funding, LLC; PYOD LLC; Anson Street LLC; Ashley Funding Services LLC; SFG REO, LLC.  The privacy notices contained no reference to the judgment creditor Arrow Financial Services, LLC, whom the Lyons Firm represented in the collection matter against Plaintiff. (See Exhibit I, attached.)  **Plaintiff had no idea who was taking money from her paychecks!**

43.     On March 24, 2016, the Lyons Firm filed a Substitution of Counsel in the Delaware CCP, withdrawing representation and entering the appearance of Andrew Whitehead of Schlee & Stillman, LLC, on behalf of the purported state court plaintiff LVNV Funding LLC Assignee of Washington Mutual Bank, NA. (See Exhibit A, attached.)

44.     The same day, the Lyons Firm sent a letter to Plaintiff's employer directing it to send garnishment payments to Schlee & Stillman and not to the Lyons Firm.  (See Exhibit J, attached.) No new writ of garnishment was issued changing the name of the judgment creditor. Thereafter, Plaintiff's employer continued to garnish Plaintiff's wages pursuant to the garnishment filed by judgment creditor Arrow.  As of April 2016, garnishment payment was sent by Plaintiff's employer not to the Lyons Firm but to Schlee & Stillman.  (See Exhibit K, attached.)

45.     In the Substitution of Counsel pleading, the Lyons Firm unilaterally changed the case caption from "Arrow Financial Services LLC v. Jennifer Brady" to "LVNV Funding LLC Assignee of Washington Mutual Bank NA v. Jennifer Brady".   Neither the Lyons Firm nor Whitehead nor Schlee & Stillman petitioned the Delaware CCP for the change or called the court's attention to the change.  No assignment of judgment was filed. (See Exhibits L and A, attached.)

46.     Thereafter, Plaintiff Jennifer Brady filed in Delaware CCP a Motion to Vacate Default Judgment or, in the Alternative, to Satisfy, using the correct case caption "Arrow Financial Services, LLC v. Jennifer Brady."  The court noticed the Motion with the correct case caption. At the hearing on the Motion, Defendant Whitehead sent another attorney, who had not entered his appearance in the matter, to represent Arrow.  Brady's counsel pointed out to the Delaware court that the **judgment creditor had unilaterally changed the case caption** on its

earlier pleading.  The heretofore unknown attorney, not associated with any Plaintiff Firm in the case, yet representing Arrow and Whitehead and Schlee & Stillman had no explanation for the unauthorized change.

47.     On May 25, 2016, the Delaware CCP granted Plaintiff's motion, finding that Arrow had been entitled to neither attorney's fees nor 18% interest in the default judgment, and reducing the default judgment by rescinding attorney's fees and reducing judgment interest from 18% to the legal rate.  (See Exhibit M, attached.)  Specifically, Arrow, through its attorneys, had improperly obtained a default judgment which included (1) attorney's fees for which no calculation or legal basis was provided, and (2) 18% interest which was neither pled in the state court Complaint nor supported by a contract authorizing that interest rate.

48.     On May 27, 2016, pursuant to the CCP order, Schlee & Stillman notified Plaintiff's attorney that it had released the garnishment lien of Arrow Financial Services on Plaintiff's wages.

49.     On June 14, 2016, after submission of a forensic accounting report by Plaintiff, the Delaware CCP entered a final order declaring Plaintiff's judgment to be fully paid and ordering the judgment creditor to refund the overpaid amount of $6,853.89 plus post-judgment interest at 5.75% plus costs of $1,250. (See Exhibit N, attached.)

50.     LVNV purports to own the 2010 default judgment against Brady, but has never presented any evidence of ownership, either to the Plaintiff or to the Delaware Court of Common Pleas whose processes it has improperly used. (*See, e.g.,* Exhibits G and H, attached.)

51.     LVNV purports to be an assignee of Washington Mutual Bank; yet, Arrow's default judgment (both the 2010 judgment and the 2016 corrected judgment) is based on Arrow's purported status as assignee of Washington Mutual Bank.  (*See, e.g.,* Exhibits A, F and N.)

52.     On its letters and emails to Plaintiff, the Lyons Firm prominently stated, "THIS FIRM IS A DEBT COLLECTOR".  (*See, e.g.,* Exhibits J, attached.)

53.     On its letters to Plaintiff, Schlee & Stillman prominently stated, "THIS COMMUNICATION IS FROM A DEBT COLLECTOR." (*See, e.g.,* Exhibits G and H, attached.)

54.     Resurgent manages LVNV's portfolio of acquired debt and, at all relevant times, Resurgent acted as an agent of LVNV.

55.     Sherman is a principal of LVNV.  At all relevant times, LVNV acted as an agent of Sherman.

56.     At all relevant times, Whitehead acted as an agent of Schlee & Stillman.

### IV.     CAUSES OF ACTION

#### -   COUNT 1   -
#### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
#### 15 *U.S.C.* § 1692, *et seq.*
#### (Plaintiffs v. All Defendants)

57.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

58.     Defendants' actions toward Plaintiff, as aforestated, were materially false, deceptive, unfair, unconscionable and misleading as follows:

        a.   Defendants violated 15 *U.S.C.* § 1692d, generally, by engaging in conduct the natural consequence of which was to harass, oppress or abuse any person. This occurred when Defendants acted to collect money to which they were not legally entitled through the use of the U.S. Mail, email, telephone conversations, the state court system and garnishment proceedings involving

third parties.  Defendants knew or should have known upon a reasonable investigation, that such debt was erroneous;

b.  Defendants violated 15 *U.S.C. § 1692e*, generally, by making false, deceptive or misleading representations in connection with the debt collection in their misrepresentations in letters and to the Delaware courts as previously set forth in this Complaint;

c.  Defendants violated 15 *U.S.C. § 1692e(2)* by misrepresenting the character and amount of the debt, as well as the name and status of the judgment creditor in letters and to the Delaware courts as previously set forth in this Complaint; and

d.  Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable practices including, but not limited to, engaging in the collection of an amount which was not expressly authorized by the agreement creating the debt and/or which was not permitted by law, and by misusing the state court system to collect monies to which the Defendants were not entitled.

59.    The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 *U.S.C. § 1692, et seq.*

60.    As a direct and proximate result of Defendants' illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and expenses, and opportunity costs.

61.    As a direct and proximate result of Defendants' illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anxiety, frustration, fear, embarrassment and harm to her reputation.

62.     As a direct and proximate result of Defendants' illegal collection efforts and communications, Plaintiff has suffered monetary damages including, but not limited to, the garnishment of wages which were not owed to Defendants.

63.     Plaintiff has been seriously damaged by Defendants' violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorney's fees.  As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs in accordance with 15 *U.S.C.  § 1692k.

## COUNT 2   -
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Plaintiffs v. All Defendants)

64.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

65.     In the face of their statutory duties, fiduciary duties and pecuniary duties to provide accurate information, all Defendants failed to exercise reasonable care in obtaining and communicating false and inaccurate information regarding an alleged consumer debt owed by Plaintiff in this case.   False information was communicated in correspondence from all Defendants as well as in phone conversations and in pleadings, and in representations to the Delaware Court of Common Pleas.

66.     As a result, the actions of all the Defendants in this case have caused Plaintiff to suffer injuries and damages as set forth herein above, and Plaintiff is entitled to actual damages, individually, jointly and severally, in an amount to be determined at trial from each Defendant, plus interest thereon, costs, attorneys' fees, punitive damages, interest, and such other relief as the Court deems appropriate.

**COUNT 3**
**NEGLIGENT MISREPRESENTATION**
**(Plaintiff v. All Defendants)**

67.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

68.     Defendants' specific acts and omissions were:

a.  making false, deceptive or misleading representations in connection with the debt collection in their misrepresentations in letters, emails and phone calls;

b.  making false, deceptive or misleading representations to the state court as previously set forth in this Complaint;

c.  making unauthorized changes to the state court pleadings;

d.  failing to notify the Plaintiff and/or the state court as to the assignment of the alleged debt; and

e.  communicating with the Plaintiff's employer through letters and directing the employer to change the terms of the garnishment without state court approval or direction.

69.     The specific actions by Defendants induced the Plaintiff to not contest the amount of the judgment, the means by which it was being garnished, the accumulation of interest after the judgment creditor had notified Plaintiff that no more interest would be assessed, the escalation of the debt when it should have been decreasing, and the party to whom the garnishment payments were being delivered.

70.     Defendants LVNV, Schlee & Stillman, Whitehead, Whitehead Law and the Lyons Firm falsely represented to Plaintiff and to the state court that LVNV was the assignee of Washington Mutual Bank, Plaintiff's purported original creditor.

71.     Defendants knew or should have known that the judgment creditor was Arrow and that LVNV had substituted itself into state court proceedings and execution proceedings, without court knowledge or approval.

72.     Defendants LVNV and Schlee & Stillman falsely represented to Plaintiff that her debt was increasing when it should have been decreasing.

73.     All Defendants falsely represented the amount of the debt to Plaintiff, as the Delaware Court of Common Pleas found in its Order dated 5/25/2016. (See Exhibit M, attached.)

74.     Arrow and the Lyons Firm falsely represented that Arrow was entitled to a judgment for attorney's fees and 18% interest when it was not entitled to those elements of the default judgment.

75.     These falsely represented facts were material, because they would have caused Plaintiff, an unrepresented party, to lodge no defense to the collection lawsuit or execution of judgment by this constellation of professional, sophisticated collection and legal specialists.

76.     Defendants should have known the representations were false at the time they were made, and represented them to be true when in fact they were not.

77.     Plaintiff relied and acted on the Defendants' false representations by overpaying her alleged debt.

78.     Plaintiff was harmed as a direct result of relying on the Defendants' false representations.

79.     Defendants directly benefited from these misrepresentations in that they were able to continue charging and collecting amounts to which they were not entitled.

80.     Plaintiff has been seriously damaged as a result of Defendants' misrepresentations, and is entitled to her actual damages, nominal and compensatory damages, expectancy damages, costs and attorney's fees, interest and whatever other relief this Court deems is just.

## COUNT 4
## NEGLIGENCE
### (Plaintiff v. All Defendants)

81.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

82.     Defendants had the duty to act in good faith as a reasonably prudent person toward the Plaintiffs under common law, as well as under the contracts and statutes at issue in this case.

83.     Defendants breached their duties of care by failing to act in good faith towards the Plaintiff by:

    a.      seeking to collect money the Plaintiffs did not owe;

    b.      failing to have reasonable procedures to ensure proper prosecution of civil claims;

    c.      failing to properly identify the real party in interest in the state Court;

    d.      using the state court system to order payment of garnished funds to a non-party;

    e.      failing to maintain (i.e., actually employ or implement) procedures reasonably adapted to avoid errors under the FDCPA;

    f.      failing to promptly repay the amount owed to Plaintiff.

84.     Defendants breached their duties of care by:

a.      attempting to collect, and collecting an erroneous debt;

b.      failing to maintain procedures (i.e., actually employ or implement) to avoid errors under the FDCPA;

c.      using language in its communications made in connections with the collection of a debt that would be false, deceptive, or misleading to the least sophisticated consumer;

d.      Engaging in conduct that would be unfair during its attempts to collect a debt.

85.     Each Defendant's failure to act as a reasonably prudent person has caused Plaintiff to incur injuries and damages as set forth herein above, and she is entitled to her actual damages, nominal and compensatory damages, expectancy damages, costs and attorneys' fees, interest and whatever other relief this Court deems is just.

**COUNT 5**
**COMMON LAW FRAUD**
**(Plaintiff v. All Defendants)**

86.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

87.     Defendants' specific acts and omissions were knowing and intentional so as to induce the Plaintiff to not contest the amount of the judgment, the means by which it was being garnished, the accumulation of interest after the judgment creditor had notified Plaintiff that no more interest would be assessed, the escalation of the debt when it should have been decreasing, and the party to whom the garnishment payments were being delivered.

88.     Defendants knew that the judgment creditor was Arrow and that LVNV had substituted itself into state court proceedings and execution proceedings, without court knowledge or approval, including in

      a.      the Substitution of Counsel pleading filed in state court on 3/24/2016;

      b.      the letters from Schlee & Stillman dated October 27, 2015; November 30, 2015; and December 1, 2015; and

      c.      Receiving garnishment proceeds prior to being identified by Schlee & Stillman in its letter of October 27, 2015, as evidenced by the Lyons Firm's sending of privacy notices from LVNV and associated companies to Plaintiff on or about September 2, 2014 and August 26, 2015.

89.     Defendants LVNV, Schlee & Stillman, Whitehead, Whitehead Law and the Lyons Firm falsely represented to Plaintiff and to the state court that LVNV was the assignee of Washington Mutual Bank, Plaintiff's purported original creditor in

      a.      the Substitution of Counsel pleading filed in state court on 3/24/2016; and

      b.      the letters from Schlee & Stillman dated October 27, 2015; November 30, 2015; and December 1, 2015.

90.     Defendants LVNV and Schlee & Stillman falsely represented to Plaintiff in letters dated October 27, 2015; November 30, 2015; and December 1, 2015,that her debt was increasing when it should have been decreasing.

91.     All Defendants falsely represented the amount of the debt to Plaintiff.

92.     Arrow and the Lyons Firm falsely represented that Arrow was entitled to a judgment for attorney's fees and 18% interest when it was not entitled to those elements of the default judgment.

93.     These falsely represented facts were material, because they would have caused Plaintiff, an unrepresented party, to lodge no defense to the collection lawsuit or execution of judgment by this constellation of professional, sophisticated collection and legal specialists.

94.     Defendants knew the representations were false at each of the times they were made in the emails and letters sent to Plaintiff and her employer and in pleadings in the state court, and represented them to be true when in fact they were not.  The false representations were made:

a.      In the letters and emails from the Lyons Firm, including letters dated October 2, 2011; September 2, 2014; and August 26, 2015, and in email dated September 24, 2015.

b.      In pleadings filed with the Delaware Court of Common Pleas on July 9, 2010; April 18, 2012; and March 24, 2016;

c.      In garnishment directions sent to Plaintiff's employer on or about June 27, 2012 and March 31, 2016 and other dates.

95.     The false representations were made by Defendants intending that Plaintiff rely on them and to induce Plaintiff to overpay her alleged debt.

96.     Plaintiff relied and acted on the Defendants' false representations.

97.     Plaintiff was harmed as a direct result of relying on the Defendants' false representations.

98.     Defendants directly benefited from these fraudulent statements in that they were able to continue charging and collecting amounts to which they were not entitled.

99.     Plaintiff has been seriously damaged as a result of Defendants' fraud, and is entitled to her actual damages, nominal and compensatory damages, expectancy damages, costs and attorney's fees, interest and whatever other relief this Court deems is just.

## COUNT 6
## INTENTIONAL MISREPRESENTATION
### (Plaintiff v. All Defendants)

100.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

101.     Defendants' specific acts and omissions were knowing and intentional so as to instruct the state court to award attorney's fees and interest not pled in the Complaint and to induce the Plaintiff to not contest the amount of the judgment, the means by which it was being garnished, the accumulation of interest after the judgment creditor had notified Plaintiff that no more interest would be assessed, the escalation of the debt when it should have been decreasing, and the party to whom the garnishment payments were being delivered.

102.     Defendants knew that the judgment creditor was Arrow and that LVNV had substituted itself into state court proceedings and execution proceedings, without court knowledge or approval.

103.     Defendants LVNV, Schlee & Stillman, Whitehead, Whitehead Law and the Lyons Firm falsely represented to Plaintiff and to the state court that LVNV was the assignee of Washington Mutual Bank, Plaintiff's purported original creditor.

104.     Defendants LVNV and Schlee & Stillman falsely represented to Plaintiff that her debt was increasing when it should have been decreasing.

105.     All Defendants falsely represented the amount of the debt to Plaintiff.

106.    Arrow and the Lyons Firm falsely represented that Arrow was entitled to a judgment for attorney's fees and 18% interest when it was not entitled to those elements of the default judgment.

107.    These falsely represented facts were material, because they would have caused Plaintiff, an unrepresented party, to lodge no defense to the collection lawsuit or execution of judgment by this constellation of professional, sophisticated collection and legal specialists.

108.    Defendants knew the representations were false at the time they were made, and represented them to be true when in fact they were not.

109.    The false representations were made by Defendants intending that Plaintiff rely on them and to induce Plaintiff to overpay her alleged debt.

110.    Plaintiff relied and acted on the Defendants' false representations.

111.    Plaintiff was harmed as a direct result of relying on the Defendants' false representations.

112.    Defendants directly benefited from these misrepresentations in that they were able to continue charging and collecting amounts to which they were not entitled.

113.    Plaintiff has been seriously damaged as a result of Defendants' misrepresentations, and is entitled to her actual damages, nominal and compensatory damages, expectancy damages, punitive damages, costs and attorney's fees, interest and whatever other relief this Court deems is just.

**COUNT 7**
**ABUSE OF PROCESS**
**(Plaintiff v. All Defendants)**

114.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

115.     Defendants used the default judgment procedure of the Delaware Court of Common Pleas to direct the clerk of court to enter a judgment which added terms to which they were not entitled.  Specifically, when faced with an unrepresented party who had not yet appeared in the state court matter, Defendants Arrow and the Lyons Firm directed the state court clerk on 7/9/2010 to enter default judgment which included (1) attorney's fees for which no calculation or legal basis was provided, and (2) 18% interest which was neither pled in the state court Complaint nor supported by a contract authorizing that interest rate.  Additionally, on 3/24/2016, Defendants Arrow and the Lyons Firm unilaterally and without notifying or obtaining permission from the court, changed the name of the Plaintiff in the state court caption without notifying the court of an assignment of the judgment debt.

116.     Defendants used the garnishment procedure of the Delaware Court of Common Pleas to collect a judgment on behalf of an entity which was not a party to the proceedings by directing Plaintiff's employer to send garnishment payments to an entity different from the judgment creditor.  Additionally, Defendants failed to notify the state court and/or the Plaintiff of an assignment of the judgment debt.

117.     Defendants' actions constitute willful use of the processes of the Delaware state courts for an improper purpose, *i.e.* to collect amounts to which they were not legally entitled.

118.     Defendants' actions constitute willful use of the processes of the Delaware state courts for an ulterior purpose, *i.e.,* to collect amounts to which they were not legally entitled.

119.     Plaintiff has been seriously damaged as a result of Defendants' abuse of process, and is entitled to her actual damages, nominal and compensatory damages, expectancy damages, punitive damages, costs and attorney's fees, interest and whatever other relief this Court deems is just.

## V.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jennifer Brady, respectfully demands judgment and damages from Defendants, individually, jointly and severally, as aforestated herein above and as follows:

### COUNT 1

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against all Defendants, jointly and severally, and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against all Defendants, jointly and severally, and for Plaintiff;

### COUNT 2

- for actual, nominal and compensatory damages, costs, interest, punitive damages, injunctive relief and such other and further relief as this Court deems just, against all Defendants, jointly and severally, and for Plaintiff;

### COUNT 3

- for actual, nominal and compensatory damages, costs, interest, punitive damages, injunctive relief and such other and further relief as this Court deems just, against all Defendants, jointly and severally, and for Plaintiff;

### COUNT 4

- for actual, nominal and compensatory damages, costs, interest, punitive damages and such other and further relief as this Court deems just, against all Defendants, jointly and severally, and for Plaintiff.

## COUNT 5

- for actual, nominal and compensatory damages, costs, interest, punitive damages and such other and further relief as this Court deems just, against all Defendants, jointly and severally, and for Plaintiff.

## COUNT 6

- for actual, nominal and compensatory damages, costs, interest, punitive damages and such other and further relief as this Court deems just, against all Defendants, jointly and severally, and for Plaintiff.

## COUNT 7

- for actual, nominal and compensatory damages, costs, interest, punitive damages and such other and further relief as this Court deems just, against all Defendants, jointly and severally, and for Plaintiff.

## VII.   DEMAND FOR JURY TRIAL

Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

Respectfully submitted,

*/s/Mary Higgins*
By: Mary Higgins, Esquire
Attorney I.D. #4179
University Office Plaza
Commonwealth Building
260 Chapman Road, Suite 201
Newark, DE  19713
(ph) 302-894-4357
(fx)  302-318-1301
**mary.higgins@letsbelegal.com**
Attorney for Plaintiff Jennifer Brady

Dated:  December 16, 2016